UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SENECA SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>HOME DENTAL CARE, INC.,<br><br>        Defendant. | CIVIL ACTION NO.: CV-18-1495 |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

1. This Complaint for Declaratory Relief seeks a determination of the rights and responsibilities of the parties pursuant to a certain contract of commercial property insurance issued by the Plaintiff, Seneca Specialty Insurance ("Seneca") to the defendant, Home Dental care, Inc.

## **THE PARTIES**

2. Seneca is an insurance company incorporated in Delaware, with a principal place of business at 160 Water Street, New York, New York. It is an approved surplus lines insurance company, and is authorized to, and does issue insurance policies in the state of Connecticut.

3. Home Dental Care, Inc., is a company incorporated in Connecticut with a principal place of business at 149 Water Street, Norwalk, Connecticut.

## **JURISDICTION**

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the plaintiff and defendant are corporate citizens of different states.

5. The amount in controversy exceeds the sum of seventy-five thousand

dollars ($75,000), not including interest.

6. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, this court may grant the declaratory relief sought herein.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b) since the insurance contract insures property located in Connecticut.

## STATEMENT OF THE CLAIM

8. Seneca issued Commercial Insurance Policy No. SSP2202179, effective from April 12, 2017, to April 12, 2018, to Home Dental Care, Inc., as the named insured with an applicable limit of $7,178,518.00 per occurrence ("the Seneca Policy").

9. A true, accurate and complete copy of the Seneca Policy is attached hereto as Exhibit "A."

10. The Seneca Policy contains an endorsement (Form SSI 321 11/13) entitled "Heat Maintenance Condition" that states in part:

### HEAT MAINTENANCE CONDITION

This Endorsement modifies insurance provided under the following:
COMMERCIAL PROPERTY COVERAGE PART

We will not pay for loss or damage caused directly or indirectly by or resulting from the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

Water or other liquids that leaks or flows from plumbing, heating, air conditioning, fire protective systems or other equipment caused by or resulting from freezing; unless:

You maintain heat in the building or structure at a minimum of 55 degrees Fahrenheit.

If heat is not maintained in the building or structure at a minimum of 55 degrees Fahrenheit, we will not pay for loss or damage caused directly or indirectly by or resulting from freezing.

> But we will pay for direct physical loss or damage to Covered Property caused by or resulting from fire or explosion; except as otherwise excluded.

* * * *

11.     On or about January 8, 2018, Seneca received a loss noticed submitted by Abercrombie Burns McKiernan & Co. Insurance Agency, on behalf of Home Dental Care, Inc., indicating that a sprinkler pipe on the fourth floor of the building located at 149 Water Street, Norwalk, Connecticut, had frozen and burst.

12.     Following this notice, Seneca acknowledged the claim, and assigned Vericlaim, Inc. to perform a field investigation and loss adjustment.

13.     Seneca proceeded with its investigation of the subject loss pursuant to a reservation of rights.

14.     Seneca also retained LGI Forensic Engineering, P.C., to determine the cause and origin of the loss.

15.     The LGI engineer determined that the loss resulted from a thermal freeze failure in multiple locations on the fourth floor of the building.

16.     The LGI engineer further determined that the furnace on the first floor of the building used no gas from December 1, 2017, through January 6, 2018, the date of loss.

17.     The LGI engineer concluded that, ancillary or incidental heat from other spaces within the building, was insufficient to prevent the freezing of the pipes on the fourth floor.

18.     Seneca conducted an examination under oath of the insured by and through its designated representative, on April 11, 2018, and requested documentation concerning the maintenance of heat on the fourth floor of the building.

19. Information supplied prior to the examination under oath, was not corroborated by information obtained from Eversource, revealing that Eversource had ceased gas delivery to the property between March of 2017, and November of 2017.

20. Invoices from Eversource from the billing cycle between November 21, 2017 and December 1, 2017, reflect services charges in the amount of $807.51 to reconnect the gas service at the building.

21. Between December 1, 2017, and January 3, 2017, the Eversource billing reflects only $7.33 in gas was consumed.

22. Historical data from Eversource concerning the account history indicates gas bills for winter months the previous year in excess of $3,000.00.

23. Seneca's investigation did not corroborate the insured's claim, that the gas meter was broken, or not functioning properly, at any point in time before the insured's or its representatives asked Eversource to replace the gas meter.

24. The fourth floor of 149 Water Street, Norwalk, Connecticut is the only area of the building heated by natural gas.

25. Home Dental Care, Inc. did not rely on heat sources located anywhere else in the building to meet its obligation to maintain heat at 55 degrees Fahrenheit on the fourth floor of the building.

26. At the time Home Dental Care, Inc. first informed Seneca that the gas meter was broken or not working properly it had already been removed from the property.

27. Home Dental Care, Inc. never established at any point in time during the claim that it maintained heat in the building or structure at a minimum of 55 degrees Fahrenheit as required by the heat Maintenance condition in the policy.

28. Home Dental Care, Inc. never disclosed to Seneca the identity of any person with knowledge that heat was maintained in the building or structure at a minimum of 55 degrees Fahrenheit as required by the heat Maintenance condition in the policy

29. By letter dated June 29, 2018, Seneca denied coverage under the Seneca Policy based on its investigation and all available information.

30. In its disclaimer of coverage Seneca informed Home Dental Care, Inc. that if it had any additional information bearing on coverage for the claim it could submit that information to Seneca for consideration.

31. Home Dental Care, Inc. never submitted any further information to Seneca.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

32. The Plaintiff, Seneca, repeats and incorporates by reference the allegations set forth in paragraphs 1-31 of this Complaint for Declaratory Relief as if fully set forth herein.

33. By virtue of the "Heat Maintenance Condition" contained in the Seneca Policy, coverage does not apply to loss or damage caused by water or other liquids that leaks or flows from plumbing, heating, air conditioning, fire protective systems or other equipment caused by or resulting from freezing unless the heat in the building or structure is maintained at a minimum of 55 degrees Fahrenheit.

34. The insured did not maintain heat at 55 degrees Fahrenheit at the subject premises from December 1, 2017 through January 6, 2018.

35. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

36. Therefore, coverage under the Seneca Policy does not apply to the resulting water damage caused when sprinkler piping on the fourth floor of the building froze and burst notwithstanding any claim that other causes or events contributed to the loss.

37. Accordingly, Seneca is entitled to a declaration that it has no obligation to Home Dental Care, Inc., to which the Seneca Policy does not apply.

WHEREFORE, the Plaintiff, Seneca Specialty Insurance Company, respectfully requests that this Honorable Court declare and adjudicate the rights, duties and responsibilities of the parties under the terms and provisions of insurance Policy No. SSP2202179, and issue a judicial declaration that coverage under said policy does not apply to the underlying claims, together with such further relief as the Court deems just and proper.

Respectfully submitted,

**SENECA INSURANCE COMPANY, INC.**

*/s/ Joseph R. Ciollo*
Joseph R. Ciollo
Federal Bar No.: ct29719
Morrison Mahoney LLP
1 Constitution Plaza, 10th Floor
Hartford, CT 06103
Phone: 860-616-4441
Fax: 860-541-4879
jciollo@morrisonmahoney.com

Dated:  September 6, 2018